Nash, C. J.
 

 A careful examination of the acts of Assembly under which single magistrates out of court administer justice, will show that it was not the intention to give jurisdiction in any cases but where “the matters are liquidated between the parties, or might be reduced to certainty by some standard furnished by them or one of familiar application,”
 
 Tyer
 
 v.
 
 Harper,
 
 1 Dev. Rep. 387. The defendant there had employed the plaintiff to haul for him a certain amount of goods from Petersburg at a stipulated price per hundred. The plaintiff went to Petersburg, but could not get from the defendant’s agent more than one-half of what had been agreed upon. This court decided that the magistrate had not jurisdiction, because what was the proper estimate of the damages sustained by the defendant, is a subject peculiarly fit for the consideration of a jury.
 

 In this case the court was requested by the defendant to charge the jury that the plaintiff could not waive the tort, that his remedy was in trespass or trover, and upon the facts disclosed by the testimony he could not recover: This the court declined, and instructed the jury that the plaintiff could recover. In this there is error.
 

 The right of a party in certain cases to waive a tort and sue as in contract, is not denied; the cases referred to by the counsel of the plaintiff fully show it; but none of them meet this case; none of them recognise *the principle that by waiving the
 
 tort
 
 a new jurisdiction can be acquired. This is decided in
 
 Clark
 
 v.
 
 Duprce, 2
 
 Dev. Rep. 411. Assumpsit cannot be maintained by a single magistrate, upon an implied promise where the plaintiff has an election to sue either in tort or contract. No court can hold jurisdiction of the assumpsit but one which can give a remedy on the tort itself; for the reason, that the same questions of law arise in each. Supposing the plaintiff in this case could have waived the trespass, it is clear that in so doing he must have brought an action in court. In
 
 *194
 
 ruling that the plaintiff was entitled to recover in this case, his Honor erred.
 

 PeR CuRiAM. Judgment reversed and a
 
 venire, de novo.